UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ERIC HALL
  (Petitioner)

vs.                                Case N.#WDQ-04-0323

UNITED STATES OF AMERICA

MOTION PURSUANT TITLE 28 USC § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES NOW, the Petitioner in the above captioned matter, pro-se, Eric Hall, who seeks relief pursuant the recent ruling in the United States Supreme Court case, i.e., United States vs Davis, 139 S.Ct. 2319 (2019), relating to the Petitioner's conviction wherein he pled guilty to Title 18 § 1962(c), one count, Racketeering Conspiracy, and count fifteen (15) Title 18 USC § 924(j), Possession and Discharge of a Firearm in furtherance of Drug Trafficking crime resulting in death. In relevant part, Petitioner pled guilty guilty on August 24, 2007, to counts 1, 2, and 15 of the Fourth Superseding Indictment and was sentenced to 360 months of imprisonment. Petitioner now respectively moves this Honorable Court seeking relief for his 924(j) conviction in light of United States v. Davis, 139 S.Ct. 2319 (2019), in which the conduct merged through activity that resulted in death from Possession and Discharge is not a crime of violence and is unconstitutionally vague law, and vague law is not law, so count 15 must be vacated, set aside because the eligible foundations of relief should be upheld in which the Supreme Court ruling held that Title 18 USC § 924(c)(3)(b) is void for vagueness ...,

1

and did create a new substantial rule that is retroactively applicable on collateral review, and Petitioner is entitled relief based on violations of substantive rights of due process.

2). Petitioner assert that the Supreme Court held in <u>United States v Davis,</u> that the "residual clause", of 19 USC § 924(c)(3)(b) is void for vagueness and that the only way a crime can qualify as a crime of violence for purposes of section 924(c) is under the "elements" (or force), clause of 924(c)(a) which defines a "crime of violence" to mean "an offense that is a felony" and""has as an element the use, attempted use, or threatened use of physical force against the person, or property of another." In light of <u>United States v. Davis</u>, Racketeering Conspiracy as a predicate offense is no longer a "crime of violence", under the elements clause because a conspiracy offense doesn't have as an element the use, attempted use, or threatened use of physical force against the person, or property of another.

3). Petitioner argues that in <u>United States v. Torres-Miguel</u>, 701 F.3d 165,167 (4th Cir.2012), if the most innocent conduct penalized by statute does not constitute a crime of violence, "then the statute categorically fails to qualify as a crime of violence, as in 924(j) because the 4th Circuits decision in Torres-Miguel, 701 F.3d 165 is directly on point when it unequivocally held that the threat of any physical force, even "serious bodily injury or death" does not require physical force let alone "violent force". In Torres-Miguel, the specific question is whether the statute had an element equating to a threat of "violent force", under the force clause.

2

A clause that is identical in all relevant respects to 924(c)(3)(a), force clause and despite the "death" or great bodily injury element is missing a violent force element and cannot qualify as a "crime of violence under the force clause, and does not involve the use, of threatened use of force, and therefore does not meet the guidelines definition of a crime of violence, nor does it qualify under 924(c)(3)(b)'s residual clause for the Petitioner because it didn't involve a substantial risk that physical force was provided against the person Dante Green.

4). Moreover, the Petitioner argues that retroactive in Bailey v. United States, 516 U.S.137 (1995) the Supreme Court construed Title 18 USC § 924(c) and Justice Bousley ruled that Bailey announced the substantive rule narrowing the scope holding that 924(c) and 924(j) statute does not reach certain conduct because of the non-active use of a firearm; (see) Teague v. Lane, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive."

Petitioner humbly seeks time served of a vacated, set aside sentence and prays that it be granted by this Honorable Court respectively.

Respectfully Submitted,

*Eric Hall*
ERIC HALL    (Peo-Se)

CERTIFICATE OF SERVICE

I, Eric Hall, the Petitioner in this matter certify pursuant to title 28 USC § 1746(1) under penalty of perjury that I mailed and server a copy of this Motion under 2255 to the following person(s) by first-class U.S. Postage Paid.

1). Clerk of the Court
    U.S. Courthouse
    101 West Lombard Street
    Baltimore, MD. 21201

2). Office of the United States Attorney
    U.S. Courthouse
    101 West Lombard Street
    Baltimore, MD. 21201

Date: 6-13-23

*Eric Hall*
ERIC HALL
Reg.No.# 41433-037
United States Penitentiary
@ McCreary
P.O.Box 3000
Pine Knot, KY. 42635